## KAMMAN v GREEN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15973. Decided May 31, 1937

J. R. Kistner, Cleveland, and L. D. Miller, Cleveland, for plaintiff-appellant.

Harrison & Marshman, Cleveland, for defendant-appellee.

GUERNSEY, PJ, CROW and KLINGER, JJ, (3rd Dist) sitting by designation.

## OPINION

By THE COURT

In his brief filed herein the appellant specifies three errors as grounds for reversal. First, misconduct of counsel in argument; second, that the verdict and judgment are contrary to law in that they are not sustained by any evidence; third, that the verdict and judgment are against the weight of the evidence.

The claimed misconduct of counsel relates to statements made by counsel for defendant in his closing argument to the jury, an excerpt from which appears in the bill of exceptions. The bill of exceptions shows that arguments were made on behalf of plaintiff and on behalf of defendant before the excerpt from the closing argument on behalf of defendant complained of, and that after that portion of the argument for defendant exhibited by such excerpt occurred, counsel for defendant further argued the case, following which a closing argument was made on behalf of plaintiff, but none of these arguments nor the proceeding had by the court · in relation thereto is set forth in the bill of exceptions. The record therefore affirmatively shows that it does not contain a full statement of the arguments of counsel and the proceedings of the court in relation thereto.

As shown by the excerpts from the argument complained of it appears that three objections were made. It does not affirmatively appear that any ruling of the court was made on the first objection. The second objection related to the reading of a note in evidence which defendant's attorney had requested plaintiff's counsel to read and any objection to which he waived by such request, and the overruling of this objection was therefore not erroneous. It does not affirmatively appear that any ruling of the court was made on the third objection.

The claimed error therefore comes within the rule announced by the Supreme Court in the case of **Warder,** ▮▮▮▮▮▮ **Bushnell Co. v Jacobs,** 58 **Oh St 77,** where it is held that it is an established rule of reviewing courts that the error for which a judgment may be reversed must affirmatively appear on the face of the record and where a record shows that improper remarks were made in his argument to the jury by the attorney for the prevailing party, but does not show whether the court reproved the attorney or directed the jury to disregard the remarks a reviewing court is not justified in reversing the judgment entered on the verdict, however improper the remarks may have been. The presumption in such case is that the court performed its duty. In the opinion in the case at page 82 it is stated:

"But, inasmuch as the record is silent as to what the court did, we are not permitted to assume that it did what it should not have done; on the contrary, the only presumption we are permitted to make in such case, is, that the court performed its

duty in the premises—reproved the counsel and properly instructed the jury at the time. If he did not and a review of his action is desired, the party excepting must cause the record to show what the ruling of the court was, otherwise it cannot be said to affirmatively appear that the court committed error.

"But it is argued that the language used, being in the nature of misconduct of the prevailing party no objection or exception was required at the time the offense was committed. Admit this to be true, it does not dispense with the necessity of the record showing what was done at the time or afterwards by the court. If no notice was taken of the remarks by the court on objection of the defeated party, to make a case for review, the record should show this fact to constitute error."

As the error complained of does not affirmatively appear on the face of the record, the first specification of error is without merit.

On an examination of the record in connection with the second and third specifications of error, we find that ■■■■■■■ while the evidence is conflicting there is competent, credible and substantial evidence to sustain the verdict and judgment of the court and that the verdict and judgment are neither contrary to law nor against the weight of the evidence.

Not finding any error in any of the particulars specified, the judgment of the Common Pleas Court will be affirmed.

GUERNSEY, PJ, CROW and KLINGER, JJ, concur.